IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JULIA BUTLER PENNY, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. AMD 05-1261 |
| | : | |
| JO ANNE B. BARNHART, | : | |
| COMMISSIONER, SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
|     Defendant | : | |

...o0o...

MEMORANDUM OPINION

Plaintiff, Julia Butler Penny, a 66-year-old, African American employee of the Social Security Administration, acting pro se, instituted this employment discrimination action against the Commissioner of Social Security on May 10, 2005. After an extended delay, she effected service of process on defendant. Thereafter, defendant filed a motion to dismiss or in the alternative for summary judgment. Penny has filed a lengthy response to the motion, which shall be treated as a motion for summary judgment. No hearing is needed.

Over the course of her career of more than 35 years with SSA, Penny gained one or more promotions up to grade GS-12 EEO Specialist, which she achieved in 1974. Since then, however, she has been repeatedly unsuccessful in gaining further promotions. In or about 1977, Penny filed discrimination charges based on her non-selection for promotion, and she was placed on a priority promote list. Thereafter, she was considered for promotion on more than 25 occasions, but never successfully.

In this action, Penny seems to seek relief for what she claims is more than two

decades (or more) of discriminatory and retaliatory non-selections for promotion (as well as harassment). The summary judgment record shows, however, undisputedly, that Penny failed to seek informal counseling as to any such claims until June 1, 2001.  Accordingly, she may not assert a claim of discrimination for any vacancy (or for alleged harassment) for events occurring prior to April 17, 2001, i.e., 45 days before she sought informal counseling. *See Zografov v. V.A. Medical Ctr.,* 779 F.2d 967, 968-70 (4th Cir.1985); 29 C.F.R. 1614.105. Specifically, Penny has not demonstrated that the discrete decisions not to offer her the jobs she sought constitute a continuing violation. *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 114 (2002) (termination and failure to promote acts are discrete acts requiring exhaustion).

      Thus, Penny has properly exhausted her administrative remedies as to three vacancy announcements/promotional opportunities to GS-13, for which a total of six selectees were ultimately promoted or, in one instance, hired externally. Although Penny made the "best qualified" list for all six of these openings, she was not selected for any one of them. The selectees included: two black females over age 40; one black female under age 40; two white females under age 40; and one white male under age 40. The selecting official has given detailed and consistent explanations for the selections of candidates other than Penny in each instance (e.g., relevant, and sometimes highly technical, experience; enthusiastic and well-founded recommendations from superiors; demonstrated excellence in prior positions). Concomitantly, as well, the selecting official has identified consistent and persistent

weaknesses in Penny's work performance and attitude.

In due course, Penny's properly exhausted charges were heard administratively. The Administrative Law Judge (ALJ) concluded that Penny had failed to demonstrate that she had been the victim of discrimination on the basis of age, gender, race, or that the agency had retaliated against her in failing to select her for promotion. In particular, the ALJ concluded that the agency had articulated legitimate, non-discriminatory/non-retaliatory reasons for Penny's non-selection for promotion. After further unsuccessful administrative proceedings, Penny timely filed this action. The summary judgment record, consisting of the bulk of the administrative record, bears out the ALJ's conclusion.[*]

Penny's lengthy opposition to defendant's motion, consisting primarily of her subjective views of alleged discriminatory treatment and her own assessment of her suitability for promotion, *see DeJarnette v. Corning Inc.,* 133 F.3d 293, 299 (4th Cir.1998) (plaintiff's self-assessment is not relevant to the discrimination inquiry), fails to generate a genuine dispute of material fact on the issue of pretext. *See Price v. Thompson,* 380 F.3d 209, 212 (4th Cir.2004) ("[T]he plaintiff can prove pretext by showing that the [defendant's] explanation is unworthy of credence or by offering other forms of circumstantial evidence sufficiently probative of [retaliation].") . Thus, even assuming that Penny has established a

---

[*]Having participated in a full administrative hearing, Penny has not demonstrated that she requires discovery to meet the defendant's motion. In federal employee discrimination cases preceded by extensive administrative proceedings, it is not infrequently the case that a pre-discovery dispositive motion may properly and fairly be considered, even where plaintiff is proceeding pro se.

prima facie case of discriminatory or retaliatory denial of promotion as to one or more of the vacancies for which she was not selected, *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), defendant is entitled to judgment as a matter of law. Accordingly, the motion shall be granted. An order follows.

Filed: March 17, 2006                                      /s/
                                                   ANDRE M. DAVIS
                                                   United States District Judge